**BOARD OF ADJUSTMENT OF CITY OF FORT WORTH et al., Appellants,**

v.

**W. C. RICH et al., Appellees.**

**No. 16046.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 23, 1959.

Rehearing Denied Nov. 20, 1959.

R. E. Rouer, S. G. Johndroe, Jr., Robert R. Goodrich, G. Gordon Whitman, Earl C. Morgan, James Price and Martin Siegmund, Fort Worth, for appellants Board of Adjustment of City of Fort Worth and other officials of City of Fort Worth.

Wade, Davis, Callaway & Marshall, and Sam J. Callaway, Jr., Fort Worth, for appellant C. R. Bradley.

Hudson, Keltner & Sarsgard, and William R. Sarsgard, Fort Worth, for appellees.

BOYD, Justice.

The Board of Adjustment of the City of Fort Worth, the City of Fort Worth, and C. R. Bradley appeal from a judgment of the trial court vacating and setting aside an order of the Board of Adjustment authorizing the granting of a certificate of occupancy with the right to sell beer for off-premises consumption.

In January, 1958, C. R. Bradley entered into negotiations with the owner of a building and lot at the corner of Miller Street and Bowman Springs Road in the City of Fort Worth. At that time the building housed a grocery store and filling station. It was Bradley's intention to operate a grocery store and sell beer for off-premises consumption. The property at all times material here was zoned "F-R" Commercial, and the sale of alcoholic beverages for off-premises consumption was permitted until April 11, 1958, when the ordinances of the City were amended to prohibit the sale of alcoholic beverages in "F-R" commercial districts.

Bradley began improving the building on some date between April 1 and April 15, 1958. Not before May 6, 1958, did he apply for a building permit. It was granted, with this notation, "Restricted, no sale of alcoholic beverages." On June 2, 1958, Bradley filed an application with the Building Commissioner for a certificate of occupancy as a retail grocery store with the right to sell beer for off-premises consumption. The application was rejected with this notation: "For reason that proposed construction does not comply with requirements of Zoning Ordinance 3011." No beer was sold in the store before July 3, 1958. There was therefore no existing nonconforming use when the amended ordinance became effective.

After the Board of Adjustment authorized the certificate, W. C. Rich and Mrs. J. H. Varnell filed a petition for certiorari based upon the provisions of Article 1011g, Vernon's Ann.Civ.St., and upon a trial the court reversed and set aside the action of the Board.

Paragraph (11) of the court's judgment reads as follows: "That this judgment is based solely on the ground of the Board's power as the evidence does not reflect arbitrary action on issues of fact or that the Board had abused any discretion in so far as its action was based on exercise of discretion."

Appellants contend that since the premises in question are located in a retail commercial zone the Board had the discretion to grant an exception or a variance to permit the retail sale of another commodity. It was argued at the bar that if it is permissible to sell beans the Board can allow the sale of beer.

A portion of Article 1011g, is as follows:

"The board of adjustment shall have the following powers:

\*　　\*　　\*　　\*　　\*　　\*

"2. To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance.

"3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

■ We agree with the trial court that the question presented is not one of discretion but one of power. Boards of Adjustment do not have legislative power. That is a function of the governing body of a city. Board of Adjustment v. Stovall, Tex.Civ.App., 218 S.W.2d 286.

■ A Board of Adjustment cannot authorize the construction of a gasoline filling station in a residential area. Harrington v. Board of Adjustment of City of Alamo Heights, Tex.Civ.App., 124 S.W.2d 401, error refused. Where a zoning ordinance prohibited the use of premises for any type of professional offices, it was held that the Board could not authorize the operation of a dentist's office in a residence. Connor v. City of University Park, Tex.Civ.App., 142 S.W.2d 706. In Board of Adjustment of City of San Antonio v. Levinson, Tex. Civ.App., 244 S.W.2d 281, it was held that the Board could not authorize a one-chair beauty parlor in a home in a residential area. In City of Amarillo v. Stapf, 129 Tex. 81, 101 S.W.2d 229, it was held that an ordinance permitting a foundry in a first manufacturing district could not be expanded to permit a foundry in a second manufacturing district. In Levy v. Board of Standards and Appeals of City of New York, 267 N.Y. 347, 196 N.E. 284, 286, it was held that the Board was without power to grant a variation or dispensation from the provision of a zoning ordinance prohibiting the construction of a gasoline filling station on a lot 57 by 80 feet, where an

area 55 by 57 feet was in a business district and 25 by 57 feet was in an unrestricted district. In the last cited case the court said: "No power has been conferred upon the Board of Standards and Appeals to review the legislative general rules regulating the use of land. * * * The board does not exercise legislative powers. It may not determine what restrictions should be imposed upon property in a particular district. * * * It may not amend such general rules or change the boundaries of the district where they are applicable."

We think it was within the power of the governing body of the City of Fort Worth to prohibit the sale of beer for off-premises consumption in "F-R" commercial zones; and to hold that the Board of Adjustment can permit such sale would be to hold that the Board can repeal a provision of a zoning ordinance passed by the City Council.

The judgment is affirmed.