**David K. HEAD, Appellant,**

v.

**CITY OF SHOREACRES et al., Appellees.**

**No. 4444.**

Court of Civil Appeals of Texas.

Waco.

March 24, 1966.

Rehearing Denied April 14, 1966.

Bernard & Bernard, Donald R. Bernard, Houston, for appellant.

Mauzy & Mauzy, D. B. Mauzy, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a suit to require defendant City to issue plaintiff a building permit.

Plaintiff Head filed application for a permit to build a residence on the north 90 feet of Lot 12, Block 47 of West Shoreacres, in the City of Shoreacres. Such application was denied by the City "because the application for building permit does not meet our Zoning Ordinances". Plaintiff appealed to the Board of Adjustment of defendant City which, after hearing, denied the appeal. Plaintiff thereafter filed the instant case to require defendant City to issue him the building permit, alleging defendant City's Zoning Ordinances did not prohibit the house he sought the permit for, and that the City's refusal to issue the permit was arbitrary, unreasonable, and capricious.

Trial was before the court without a jury, which rendered judgment that plaintiff take nothing. The trial court filed Findings of Fact substantially as above; and Conclusions of Law as follows:

1) Plaintiff had burden of proof to establish that defendant acted illegally in denying building permit.

.2) Board did not act illegally if there was any substantial evidence affording reasonable support for its decision.

3) There was substantial evidence that plaintiff's application did not meet all requirements established by the Zoning Ordinances of the City.

4) Therefore the Board did not act illegally in denying the permit.

5) City was entitled to verdict since plaintiff failed to discharge his burden of proof.

Plaintiff appeals on 5 points, contending the trial court erred in conclusions of law 3, 4 and 5; and that the Board acted illegally in denying plaintiff the building permit.

The record reflects that plaintiff owned the north 90 feet of Lot 12, Block 47; and that such was 90 feet by 140 feet in size. Lot 12 of Block 47 is a lot approximately 140 feet wide and 358 feet deep on the west side and 405 feet deep on the east side, fronting on South Country Club Drive with Centre Avenue on the east side; and containing about 1½ acres.

### SCHEMATIC DIAGRAM LOT 12 BLOCK 47

The City of Shoreacres was originally platted in 1925 with Lot 12 of Block 47 as indicated on the Schematic Diagram. Plaintiff's immediate predecessor in title attempted to replat Lot 12 into 4 lots; sold Lot 12D to plaintiff; and it was for Lot 12D that plaintiff sought the building permit. The City had refused plaintiff's predecessor in title permission to split Lot 12 into smaller lots; and had regularly denied applications of other owners to replat lots in West Shoreacres. Plaintiff nor anyone else has ever received permission of the City to replat Lot 12, Block 47.

The City Zoning Ordinance requires erection of a house to face the street on which is located the shortest lot line. This would be South Country Club Drive as to

Lot 12. Plaintiff seeks to build on the north 90 feet of Lot 12 facing Centre Avenue.

Article 974a, Vernon's Ann.Tex.Civ.St. requires the approval of the City before platted lots can be replatted. Since the "replatting" of Lot 12 did not have the City's approval, it was a nullity. Plaintiff's proposed building does not conform to the City's Zoning Ordinance as applied to Lot 12 (before the attempted replatting), and the permit to construct same was properly denied.

Plaintiff's points and contentions are overruled.

Affirmed.