**Doy D. MYERS, Appellant,**

**v.**

**ZONING AND PLANNING COMMISSION OF the CITY OF WEST UNIVERSITY PLACE et al., Appellees.**

**No. 16446.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 6, 1975.

Rehearing Denied April 3, 1975.

W. Dan Myers, Houston, for appellant.

Charles F. Cockrell, Jr., Houston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a judgment denying a writ of mandamus. The case was tried to the court without a jury. Findings of fact and conclusions of law were not requested. The judgment is affirmed.

Doy D. Myers, the appellant, filed suit against the Zoning and Planning Commission of the City of West University Place and each member of the Commission individually to compel the performance of a ministerial duty by the board. In his pleadings Myers asserts that on the 23rd Day of March, 1973 he filed with the Commission an application and plat to subdivide a lot; that the Commission failed to act on the application within thirty days; that Article 974a, Section 3, Vernon's Annotated Texas Statutes, provides that on the failure of the Commission to act by either approving or refusing to approve the plat of a proposed subdivision within thirty days from the date of the filing thereof it shall be deemed to have been approved and a certificate showing said filing date and the failure to take action thereon within thirty days from said filing date shall on demand be issued by the City Planning Commission. The petition alleged that the plaintiff had demanded that the Planning Commission issue such a certificate, but that the Commission refused to do so.

The petition was filed on May 13, 1974. On the same date the trial court ordered the respondents to appear before the 61st District Court of Harris County, Texas on the 23rd day of May, 1974 to show cause why the writ of mandamus should not issue. The case came on for hearing on the 23rd day of May, 1974 and an attorney appeared for the respondents and participated fully in the trial of the matter. At the conclusion of the testimony the trial court announced from the bench his decision that the writ of mandamus would be denied. At the time of the hearing respondents had filed no pleading. After the trial but before the judgment was signed by the trial court the respondents filed an answer in the case. Petitioner filed a motion to strike the answer for the reason that it was filed too late and would work a hardship on the petitioner. The trial court heard argument of counsel and denied the motion.

It is well established that in original proceedings in the Supreme Court uncontroverted allegations in relator's peti-

tion need not be proved. Whitehead v. Julian, 476 S.W.2d 844 (Tex.1972); Patton v. Terrell, 101 Tex. 221, 105 S.W. 1115 (1907).

In Burgemeister v. Anderson, 113 Tex. 495, 259 S.W. 1078 (1924), an original action for mandamus filed in the Supreme Court, the court said:

"The facts appear from the averments of relator's petition, which is duly verified, and the exhibits attached thereto. Respondent interposes a general denial, without verification, to which absolutely no effect can be given in a mandamus suit. It therefore becomes our duty to dispose of the case as if the averments of relator's petition were admitted to be true. . . ."

■ The same principle has been applied by this court in considering cases appealed from the district court. In City of Houston v. Freedman, 293 S.W.2d 515 (Tex.Civ.App.—Galveston, 1956, writ ref'd n. r. e.), an appeal from a summary judgment denying mandamus, the court said:

"Under the rules of pleading and practice in mandamus actions where defendants stand solely on an unverified general denial, plaintiff is entitled to summary judgment if his pleadings state facts entitling him to the relief sued for. . . .."

■ We recognize the rule that where a case has been tried without objection upon the theory that the answer of the defendant was sufficient to join issues on the facts which were contested upon the trial, an objection that it was insufficient for that purpose cannot be made for the first time in the appellate courts. This rule applies even though the defendant fails to file an answer. Bednarz v. State, 142 Tex. 138, 176 S.W.2d 562 (1943). In this case, however, the petitioner pointed out to the trial court that no answer had been filed and objected to the introduction of testimony on behalf of the respondents. The court overruled the objections and permitted the defendant to introduce testimony without requiring that an answer be filed. These circumstances remove the case from the Bednarz rule.

■ The judgment was rendered on May 23, 1974. Respondents' answer was filed on May 24, 1974. The failure to join issue by written pleadings prior to the trial of the cause cannot be cured by filing a written answer subsequent to the rendition of judgment. See Texas State Board of Examiners in Optometry v. Lane, 337 S. W.2d 801 (Tex.Civ.App.—Fort Worth 1960, writ refused).

In Lowe, Remedies, Section 373, under the title "Mandamus", it is stated:

"The party complained against must traverse all of the material allegations of the petition. Matters set up in avoidance of the cause of action must be alleged definitely and certainly and no presumptions will be indulged in support thereof. The answer should be verified, . . . It must be borne in mind, however, that the pleadings of the complaining party must comply with all the requisites of mandamus pleading and if the party complained of answers improperly, or does not answer at all, the relief may, nevertheless, be denied if the court determines that the complainant's pleadings are insufficient."

Section 1 of Article 974a, V.A.T.S., provides that every owner of any tract of land situated within the corporate limits of any city in the State of Texas who may hereafter divide the same "in two or more parts" for the purpose of laying out urban lots or building lots, or any lots, "and streets, alleys or parks or other portions intended for public use . . . shall cause a plat to be made thereof which shall accurately describe all of said subdivision or addition by metes and bounds and locate the same with respect to an original corner of the original survey of which it is a part, giving the dimensions thereof of said subdivision or addition, and dimensions of all streets, alleys, squares, parks or other portions of same intended to be dedicated to public use, . . . provided, however,

that no plat of any subdivision of any tract of land or any addition to any town or city shall be recorded unless same shall accurately describe all of said subdivision or addition by metes and bounds and locate same with respect to an original corner of the original survey of which it is a part . . . ."

Section 2 of said Article provides:

"that every such *plat* shall be duly acknowledged by owners or proprietors of the land . . . in the manner required for the acknowledgment of deeds; and the said plat, . . . shall be filed for record and be recorded in the office of the County Clerk of the County in which the land lies."

Section 3 provides:

"[t]hat it shall be unlawful for the County Clerk of any County in which such land lies to receive or record any such plan, plat or replat, unless and until the same shall have been approved by the City Planning Commission of any city affected by this Act, . . . unless and until the said plan, plat or replat shall have been approved by the governing body of such city. . . . Any person desiring to have a plan, plat or replat approved as herein provided, shall apply therefor to and file a copy with the Commission or governing body herein authorized to approve same, which shall act upon the same within thirty (30) days from the filing date. If said plat be not disapproved within thirty (30) days from said filing date, it shall be deemed to have been approved and a certificate showing said filing date and the failure to take action thereon within thirty (30) days from said filing date, shall on demand be issued by the City Planning Commission . . . of such city, and said certificate shall be sufficient in lieu of the written endorsement or other evidence of approval herein required. . . ."

Before the plat can be filed with the county clerk, a location of the tract of land involved with respect to an original corner of the original survey of which it is a part must be shown thereon. There is a further requirement that the plat shall be duly acknowledged by the owners of the land. A copy of the plat to be filed of record must be filed with the city planning commission of the city in which the land is located.

The petition for mandamus under consideration does not allege that the copy of the plat filed with the City Planning Commission shows the location of the land with respect to an original corner of the original survey of which it is a part. Neither does it allege that the plat was duly acknowledged by the owners of the land. Since a copy of the plat to be filed with the county clerk must be filed with the city planning commission, it follows that the plat so filed must comply with the provisions of Section 1 and Section 2 of Article 974a, supra. The petition does not establish that the plat filed with the City Planning Commission was in proper form for filing with the county clerk. A copy of the plat is attached to the petitioner's pleading and does not show the original corner of the original survey of which the land is a part, nor is it acknowledged by the owners of the land. This plat could not be recorded by the county clerk if the City Planning Commission is required to furnish the certificate showing the date on which the copy was filed with the Commission and the fact that the Commission failed to take action thereon within thirty days. The owner of land must file with the county clerk a plat which has received approval of the city planning commission. Any material change, addition, or deletion to the plat would be unauthorized and would constitute a new plat which had not been approved by the city planning commission.

In Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629 (1935), the Supreme Court said:

". . . It is a well-established rule in this state that in a mandamus pro-

ceeding against a public official, as such, if there are any grounds upon which the petition for mandamus should be denied, the court will not issue the writ, and that even though the respondent official fails to present such grounds. . . . This should be the rule, because public rights and property should not be lost merely because a public official fails to assert them in answer to the mandamus petition."

■ A writ of mandamus will not issue if for any reason it would be useless or unavailing. Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028 (1928).

■ Since in our view the plat which petitioner desires to have recorded does not comply with the law entitling it to recordation, an order requiring the City Planning Commission to issue the desired certificate would be useless.

The judgment is affirmed.