ACCEPTED
15-24-00131-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/15/2025 1:25 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00131-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/15/2025 1:25:35 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS
# FOR THE FIFTEENTH DISTRICT OF TEXAS

## In re ETC FIELD SERVICES, LLC,

### Relator.

**Original Proceeding from Cause No. 24-BC08B-001,**
**Eighth Business District Court Division, Tarrant County, Texas,**
**the Honorable Jerry Bullard, presiding**

## RESPONSE TO PETITION FOR WRIT OF MANDAMUS

**PICKETT LAW GROUP, PLLC**
Kathleen Cynthia Pickett
State Bar No. 15980500
    cpickett@pickettlawgroup.com
N. Kimberly Hoesl
State Bar No. 24040540
    khoesl@pickettlawgroup.com
Anita E. Kadala
State Bar No. 00786007
    akadala@pickettlawgroup.com

Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
Telephone: (713) 221-3760

**KELLY HART & HALLMAN LLP**
David E. Keltner
State Bar No. 11249500
    david.keltner@kellyhart.com
Joe Greenhill
State Bar No. 24084523
    joe.greenhill@kellyhart.com

201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

**COUNSEL FOR REAL PARTY IN INTEREST**

# TABLE OF CONTENTS

                                                                                    **Page**

INDEX OF AUTHORITIES.................................................................................iv

STATEMENT OF THE CASE..............................................................................x

STATEMENT OF JURISDICTION.......................................................................xi

ISSUE RESTATED ............................................................................................ xii

INTRODUCTION ..............................................................................................1

STATEMENT OF FACTS ...................................................................................2

A.     The seven-year-old underlying suit for
       breach of contract and negligence is ready for trial .......................................2

B.     In 2024, the Legislature enacted H.B. 19 to create
       the Business Court and provided that it has jurisdiction
       over cases filed "on or after September 1, 2024"...........................................3

C.     ETC sought removal and Tema sought remand ..............................................4

D.     The Business Court granted Tema's motion to
       remand and remanded the case to the 236th District Court ...........................5

SUMMARY OF ARGUMENT ...............................................................................6

STANDARD OF REVIEW ...................................................................................6

ARGUMENT ......................................................................................................7

I.     The Business Court did not abuse its discretion
       in remanding the underlying suit to district court ..........................................7

       A.     Because the Act's plain language permits removal
              of cases filed "on or after" September 1, 2024, but
              not before, the Business Court did not abuse its
              discretion in remanding this case (filed March 2017).........................7

B. ETC's arguments in favor of jurisdiction lack merit ..........................10

    1. Section 8 does more than just announce the Business Court's opening ....................................10

    2. The absence of the word "only" from Section 8 does not mean that cases filed before September 1, 2024, can be removed ......................................................................12

    3. ETC's reliance on cases addressing whether a statute is unconstitutionally retroactive is misplaced ...............14

II. Regardless, because the Business Court does not have subject matter jurisdiction over the underlying suit, removal was improper .....................................................................17

    A. ETC did not prove that the entity Tema sued, Regency Field Services, LLC, was either publicly-traded or owned by a publicly-traded entity when Tema filed suit ...............18

    B. The underlying suit does not arise under trade regulation laws..........18

III. ETC has an adequate remedy by appeal.........................................................21

    A. ETC is not entitled to mandamus relief because it failed to argue, much less prove, that it did not have an adequate remedy by appeal..........................................................................21

    B. ETC has an adequate remedy by appeal because the Business Court and the District Court have concurrent jurisdiction such that there is no conflict of jurisdiction.....................23

PRAYER.........................................................................................................26

CERTIFICATION .......................................................................................28

## TABLE OF CONTENTS (cont.)

**Page**

CERTIFICATE OF COMPLIANCE.......................................................................28

CERTIFICATE OF SERVICE .............................................................................29

INDEX TO APPENDIX .......................................................................................30

# INDEX OF AUTHORITIES

**Cases**                                                               **Page**

*Al-Yahnai Fountain Hawkins v. State*,
No. 11-04-00278-CR, 2005 WL 2156981
(Tex. App.—Eastland Sept. 8, 2005, no pet.) (per curiam) ................................. 8, 9

*Ass'n of Texas Pro. Educators v. Kirby*,
788 S.W.2d 827 (Tex. 1990) ................................................................................. 9

*Baker Hughes, Inc. v. Keco R. & D., Inc.*,
12 S.W.3d 1 (Tex. 1999) ..................................................................................... 15

*Bell Helicopter Textron, Inc. v. Walker*,
787 S.W.2d 954 (Tex. 1990) (orig. proceeding) ................................................ 26

*Cameron v. Terrell & Garrett, Inc.*,
618 S.W.2d 535 (Tex. 1981) ............................................................................... 20

*City of Austin v. Whittington*,
384 S.W.3d 766 (Tex. 2012) ............................................................................... 15

*Clint Indep. Sch. Dist. v. Marquez*,
487 S.W.3d 538 (Tex. 2016) ............................................................................... 19

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*,
271 S.W.3d 238 (Tex. 2008) ............................................................................... 21

*Comm'n for Law. Discipline v. Denisco*,
132 S.W.3d 211 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ..................... 9

*Cox v. Robison*,
150 S.W. 1149 (Tex. 1912) ................................................................................. 16

*Energy Transfer LP v. Culberson Midstream LLC*,
No. 24-BC01B-0005, 2024 WL 4648110
(Tex. Bus. Ct. [1st Div.], Oct. 30, 2024) ................................................... 2, 11, 13

**Cases**                                                                                                    **Page**

*Fort Worth Transp. Auth. v. Rodriguez*,
547 S.W.3d 830 (Tex. 2018)..................................................................................7

*Gen. Motors Corp. v. Gayle*,
951 S.W.2d 469 (Tex. 1997) (orig. proceeding)...................................................26

*Hooks v. Fourth Court of Appeals*,
808 S.W.2d 56 (Tex. 1991) (orig. proceeding).....................................................22

*In re AIU Ins. Co.*,
148 S.W.3d 109 (Tex. 2004) (orig. proceeding)...................................................24

*In re Allstate Indem. Co.*,
622 S.W.3d 870 (Tex. 2021) (orig. proceeding).....................................................6

*In re City of Coppell*,
219 S.W.3d 552 (Tex. App.—Dallas 2007, orig. proceeding).........................25, 26

*In re CSX Corp.*,
124 S.W.3d 149 (Tex. 2003) (orig. proceeding).....................................................6

*In re Dallas Cnty.*,
697 S.W.3d 142 (Tex. 2024) (orig. proceeding)...................................................11

*In re Dillard Dep't Stores, Inc.*,
198 S.W.3d 778 (Tex. 2006) (orig. proceeding)...................................................17

*In re Flores*,
No. 05-19-01058-CV, 2020 WL 2847531
(Tex. App.—Dallas June 2, 2020, orig. proceeding)........................................21, 23

*In re Gagnon*,
No. 12-24-00280-CV, 2024 WL 4481377
(Tex. App.—Tyler Oct. 11, 2024, orig. proceeding)..............................................21

# INDEX OF AUTHORITIES (cont.)

**Cases**                                                               **Page**

*In re Grant*,
No. 14-23-00408-CV, 2024 WL 2931128
(Tex. App.—Houston [14th Dist.] June 11, 2024, orig. proceeding)
(mem. op.) (per curiam) ...................................................................................18

*In re Hainesworth*,
No. 01-20-00569-CV, 2020 WL 5415237
(Tex. App.—Houston [1st Dist.] Sept. 10, 2020, orig. proceeding)........................23

*In re J.B. Hunt Transp., Inc.*,
492 S.W.3d 287 (Tex. 2016) (orig. proceeding).....................................................26

*In re Kansas City S. Indus., Inc.*,
139 S.W.3d 669 (Tex. 2004) (orig. proceeding).................................................22, 23

*In re Labatt Food Serv., L.P.*,
279 S.W.3d 640 (Tex. 2009) (orig. proceeding)........................................................6

*In re M.C.C.*,
187 S.W.3d 383 (Tex. 2006).................................................................................16

*In re Mo. Pac. R.R. Co.*,
998 S.W.2d 212 (Tex. 1999) (orig. proceeding)......................................................26

*In re Murillo*,
No. 08-24-00323-CV, 2024 WL 4512347
(Tex. App.—El Paso Oct. 17, 2024, orig. proceeding) ............................................21

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) (orig. proceeding).....................................................24

*Jorrie v. Charles*,
No. 24-BC04B-0001, 2024 WL 4796436
(Tex. Bus. Ct. [4th Div.], Nov. 7, 2024)..................................................................2

# INDEX OF AUTHORITIES (cont.)

**Cases**                                                                        **Page**

*Landgraf v. USI Film Prods.*,
511 U.S. 244 (1994)............................................................................................16

*Lone Star NGL Prod. Servs. LLC v. Eagleclaw Midstream Ventures*,
No. 24-BC11A-0004, 2024 WL 5202356
(Tex. Bus. Ct. [11th Div.], Dec. 20, 2024) .......................................................2, 13

*Myers v. Zoning & Planning Comm'n of City of W. Univ. Place*,
521 S.W.2d 322 (Tex. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.) ............17

*Pannell v. Box*,
78 S.W.2d 209 (Tex. App.—Texarkana 1934, writ ref'd) .......................................9

*Pidgeon v. Turner*,
625 S.W.3d 583 (Tex. App.—Houston [14th Dist.] 2021, no pet.)........................18

*Reames v. Police Officers' Pension Bd. of City of Houston*,
928 S.W.2d 628 (Tex. App.—Houston [14th Dist.] 1996, no writ).......................16

*Reynolds, Shannon, Miller, Blinn, White & Cook v. Flanary*,
872 S.W.2d 248 (Tex. App.—Dallas 1993, orig. proceeding)...............................25

*Robinson v. Crown Cork & Seal Co.*,
335 S.W.3d 126 (Tex. 2010)................................................................................15

*State of Tex. ex rel. Atty. Gen. Morales v. Zeneca, Inc.*,
No. 3-97 CV 1526-D, 1997 WL 570975 (N.D. Tex. June 27, 1997)......................19

*Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*,
No. 24-BC01B-0007, 2024 WL 5083646
(Tex. Bus. Ct. [1st Div.], Oct. 31, 2024) .........................................................2, 13

*Tema Oil & Gas Co. v. ETC Field Servs., LLC*,
No. 07-20-00029-CV, 2021 WL 2944598
(Tex. App.—Amarillo July 13, 2021, pet. denied) (mem. op.) .......................1, 3, 19

**Cases**                                                                                            **Page**

*Thomas v. Beaumont Heritage Soc.*,
339 S.W.3d 893 (Tex. App.—Beaumont 2011, pet. denied)....................................13

*Union Pac. R.R. Co. v. Brown*,
No. 04-17-00788-CV, 2018 WL 6624507
(Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.) ................................8

*United Serv. Auto. Ass'n v. Brite*,
215 S.W.3d 400 (Tex. 2007)...............................................................................9, 14

*Winans v. Berry*,
No. 24-BC04A-0002, 2024 WL 4796435
(Tex. Bus. Ct. [4th Div.], Nov. 7, 2024)............................................................2, 13

*XTO Energy, Inc. v. Houston Pipe Line Co.*,
No. 24-BC11B-0008, 2024 WL 5082881
(Tex. Bus. Ct. [11th Div.], Nov. 26, 2024).....................................................2, 12, 13

**Rules and Statutes**

Act of May 17, 2019, 86th Leg., R.S., ch. 378 (2019) ...........................................13

Act of May 25, 2023, 88th Leg., R.S., ch. 380 (2023) ................................3, 4, 8, 9

Tex. Civ. Prac. & Rem. Code § 38.001 ...................................................................13

Tex. Civ. Prac. & Rem. Code § 150.002 .................................................................13

Tex. Gov't Code § 25A............................................... 2, 4, 8, 14, 16, 17, 21, 24

Tex. Gov't Code § 311.021.......................................................................................11

Tex. Gov't Code § 311.022.......................................................................................13

Tex. Gov't Code § 311.029.........................................................................................9

# INDEX OF AUTHORITIES (cont.)

**Rules and Statutes** **Page**

Tex. R. App. P. 47.1.................................................................................17

Tex. R. App. P. 52.8.................................................................................17

Tex. R. Civ. P. 22......................................................................................7

**Other Authorities**

A. Scalia & B. Garner,
*Reading Law: The Interpretation of Legal Texts* (2012)...........................................12

Off. Ct. Admin. Tex. Jud. Sys. Memo to Texas District and County Clerks,
Aug. 13, 2024.................................................................................20

Tex. H.B. 19, 88th Leg., R.S. (2023).................................................3, 4, 7, 8, 11, 20

## STATEMENT OF THE CASE

**Nature of the Case:**     This is a simple breach of contract and negligence case arising from Relator's ("ETC") failure to provide the facilities required to accept delivery of Real Party in Interest's ("Tema") gas. [R1].

**Trial Court:**     The 236th Judicial District, Tarrant County, Texas; Cause No. 236-291050-17, the Honorable Tom Lowe, presiding.

**Business Court:**     The Eighth Business Court Division, Tarrant County, Texas, the Honorable Jerry Bullard, presiding.

**Business Court Disposition:**     Tema filed the underlying suit in March 2017. [App. A]. Seven years later, ETC removed this case to the Business Court. [R11]. Tema filed a motion to remand [R21], which the Business Court granted with a written opinion. [R85].

## <u>STATEMENT OF JURISDICTION</u>

This Court has jurisdiction to issue writs of mandamus. But the Court's writ jurisdiction is not implicated here because the Business Court's "Opinion and Order" remanding this case was correct, and, in any event, ETC failed to argue, much less prove, that it lacks an adequate remedy by appeal.

# ISSUE RESTATED

Should the Court issue the extraordinary writ when:

- the Business Court correctly determined that the plain language of its enabling legislation does not permit removal of cases, like the underlying suit, filed before September 1, 2024;

- regardless, the Business Court lacks subject matter jurisdiction over the underlying suit; and

- ETC did not attempt to show it lacks an adequate appellate remedy from the Business Court's remand order and ETC has an adequate appellate remedy, in any event?

# INTRODUCTION

Because the Business Court correctly determined that it does have jurisdiction over cases, like the underlying suit, filed before September 1, 2024, it did not abuse its discretion in remanding suit to the 236th Judicial District. ETC's petition should be denied.

Tema filed this breach of contract and negligence case against ETC in March 2017. Since then, ETC has done everything it can to avoid a trial of Tema's claims. In 2019, after two years of litigation and on the eve of trial, ETC convinced the 236th District Court to dismiss Tema's suit for lack of jurisdiction. After Tema reversed that dismissal on appeal,[1] ETC tried again to avoid the merits by moving to dismiss Tema's suit for want of prosecution. The 236th District Court denied ETC's motion. Shortly thereafter, the parties filed a joint motion for a preferential trial setting for May 5, 2025. [App. B, C]. Discovery is complete and the parties are ready to go to trial. ETC's attempted removal of this seven-year-old, trial-ready case to the Business Court is just another shot by ETC to delay a merits-based disposition of Tema's claims—and possibly get a do-over on all of the 236th District Court's rulings in Tema's favor.

---

[1] *Tema Oil & Gas Co. v. ETC Field Servs., LLC*, No. 07-20-00029-CV, 2021 WL 2944598 (Tex. App.—Amarillo July 13, 2021, pet. denied) (mem. op.).

Tema moved to remand because the Business Court's enabling legislation authorized the removal of cases "commenced on or after" September 1, 2024—but not cases commenced before that date.[2] Based on the plain, unambiguous language of the controlling law, the Eighth Division of the Business Court—along with every other division of the Business Court that has considered the issue—agreed and issued an opinion and order remanding the case back to the 236th District Court (the "Order"). [R85].[3] Because the Business Court's ruling was correct, ETC's petition should be denied.

## STATEMENT OF FACTS

**A. The seven-year-old underlying suit for breach of contract and negligence is ready for trial.**

On March 17, 2017, Tema filed the underlying suit against ETC in the 236th Judicial District Court of Tarrant County, Texas, asserting claims for breach of

---

[2] Contrary to ETC's misleading statements, Tema also moved to remand on the grounds that the Business Court lacks subject matter jurisdiction because this case does not arise under state or federal securities or trade regulation. *See* Tex. Gov't Code § 25A.004(b)(3)(A). Tema did not raise these grounds in its motion to dismiss ETC's interlocutory appeal of the Order because they have nothing to do with whether *this Court* has jurisdiction over ETC's appeal.

[3] Several divisions of the Business Court have also held cases commenced prior to September 1 are outside the court's jurisdiction—none have held to the contrary. *See Energy Transfer LP v. Culberson Midstream LLC*, No. 24-BC01B-0005, 2024 WL 4648110 (Tex. Bus. Ct. [1st Div.], Oct. 30, 2024); *Synergy Glob. Outsourcing, LLC v. Hinduja Glob. Sols., Inc.*, No. 24-BC01B-0007, 2024 WL 5083646 (Tex. Bus. Ct. [1st Div.], Oct. 31, 2024); *Jorrie v. Charles*, No. 24-BC04B-0001, 2024 WL 4796436 (Tex. Bus. Ct. [4th Div.], Nov. 7, 2024); *XTO Energy, Inc. v. Houston Pipe Line Co.*, No. 24-BC11B-0008, 2024 WL 5082881 (Tex. Bus. Ct. [11th Div.], Nov. 26, 2024); *Winans v. Berry*, No. 24-BC04A-0002, 2024 WL 4796435 (Tex. Bus. Ct. [4th Div.], Nov. 7, 2024); *Lone Star NGL Prod. Servs. LLC v. Eagleclaw Midstream Ventures*, No. 24-BC11A-0004, 2024 WL 5202356 (Tex. Bus. Ct. [11th Div.], Dec. 20, 2024).

---

contract and negligence. [App. A]. Tema's claims are based on ETC's failure to provide the facilities necessary to take all of Tema's gas as ETC contractually agreed to do. [R1].

Since Tema filed, the parties have engaged in robust litigation, including: (1) extensive written discovery, (2) the production of thousands of pages of documents, (3) fifteen fact and expert witness depositions, (4) extensive motion practice, and (5) an improper dismissal and a successful appeal of that dismissal. [R21, at pp. 2-3].[4]

The case is ready for trial. In fact, shortly before ETC filed its notice of removal, ETC and Tema agreed and jointly requested a May 5, 2025, trial date in the 236th District Court. [App. B, C].

**B.  In 2024, the Legislature enacted H.B. 19 to create the Business Court and provided that it has jurisdiction over cases filed "on or after September 1, 2024."**

Seven and a half years after Tema filed suit, the Texas Legislature established the Business Court to be a "specialty trial court" designed to hear certain sophisticated business disputes.[5] *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380, §§ 1-9, 2023 Tex. Sess. Law Serv. 919, 919-929 (codified at Tex. Gov't Code §§ 25A.001-.020 ("Chapter 25A")). The Business Court's enabling legislation was

---

[4] *See Tema Oil & Gas Co.*, 2021 WL 2944598, at *4 (reversing the trial court's dismissal for want of jurisdiction).

[5] Tex. H.B. 19, 88th Leg., R.S. 1:2-3 (2023).

Texas House Bill 19 ("H.B. 19" or the "Act"). *See* Act of May 25, 2023, 88th Leg., R.S., ch. 380 (2023). The Act states that the Business Court "is created September 1, 2024," and that the "changes in the law made by this Act apply to civil actions commenced *on or after* September 1, 2024." H.B. 19, §§ 5, 8, 9 (emphasis added).

To get into the Business Court, parties can either file cases directly in the Business Court, which has certain concurrent civil jurisdiction with the state's district courts, Tex. Gov't Code § 25A.004, or remove cases filed in a district court to the Business Court—provided the case is within the Business Court's jurisdiction. *See id.* § 25A.006(d) (a party may remove an action if it is "within the jurisdiction of the business court").

## C. ETC sought removal and Tema sought remand.

On September 11, 2024, ETC filed a notice of removal of the underlying suit to the Business Court. [R11]. According to ETC, the Business Court was given authority over this case as of September 1, 2024, and has subject matter jurisdiction because: (1) ETC is a publicly-traded company [R11 (citing Tex. Gov't Code § 25A.004(c))], and (2) Tema's claims purportedly arise under trade regulation laws. [R12 (citing Tex. Gov't Code § 25A.004(b)(3), (c))]; [*see* Petition, pp. 22-26].

Tema moved to remand. [R22, 42]. In addition to arguing that the Business Court lacks jurisdiction over removed cases filed before September 1, 2024, Tema argued that the Business Court does not have subject matter jurisdiction because

ETC failed to argue or prove that the entity that Tema sued in 2017 (ETC Field Services, LLC, f/k/a Regency Field Services, LLC) was either a publicly-traded entity or owned by such, and Tema's claims do not arise under trade regulation laws. [R21, at p. 3; R42, at pp. 4-6].

**D.     The Business Court granted Tema's motion to remand and remanded the case to the 236th District Court.**

The Business Court granted Tema's motion to remand and issued its Order. [R85].  The Business Court set forth a detailed construction of the Act, as well as Chapter 25A, and concluded that it has jurisdiction to hear cases commenced on or after September 1, 2024—but not before:

> One of the changes in law effectuated by H.B. 19 is the creation of Chapter 25A in Section 1.  Because Chapter 25A in its entirety is a change of law, it follows logically that Section 25A.006's removal provisions are changes in law, too.  Thus, when construed in the context and framework of Chapter 25A's removal provisions, Section 8's plain and common language means what it says and says what it means: removal under Chapter 25A is a change in law limited in its application to cases begun on or after September 1, 2024.

[R85, at p. 7].  Because the Business Court determined that it did not have jurisdiction over a removed case filed prior to September 1, 2024, it did not address ETC's assertions of subject matter jurisdiction under trade regulation laws and/or the publicly-traded entity provisions of the Act.  [R85, at p. 9].

ETC appealed the Order to this Court, and Tema moved to dismiss the appeal. ETC's appeal and Tema's motion are currently pending before this Court.  *See ETC*

*Field Servs. v. Tema Oil & Gas Co.*, No. 15-24-00124-CV. A month after appealing,

ETC filed its petition for writ of mandamus asking this Court to vacate the Order.

## SUMMARY OF ARGUMENT

The Court should deny ETC's petition because:

- the Business Court correctly determined that it lacks jurisdiction over removed cases filed before September 1, 2024;

- regardless, the Business Court lacks subject matter jurisdiction over the underlying suit; and

- ETC failed to argue—much less demonstrate—that it lacks an adequate appellate remedy.

## STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy that a court can provide only

if a lower court clearly abuses its discretion and there is no adequate remedy by law.

*See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding).

The burden of establishing a right to mandamus relief is a "heavy one." *In re CSX*

*Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding). A clear abuse of

discretion occurs when an action is "so arbitrary and unreasonable as to amount to a

clear and prejudicial error of law." *Id.* In its review, appellate courts "defer to the

trial court's factual determinations if they are supported by evidence, but … review

the trial court's legal determinations de novo." *In re Labatt Food Serv., L.P.*,

279 S.W.3d 640, 643 (Tex. 2009) (orig. proceeding).

## ARGUMENT

**I. The Business Court did not abuse its discretion in remanding the underlying suit to district court.**

Because the Act plainly states that actions commenced before September 1, 2024, cannot be removed to Business Court, the Business Court did not abuse its discretion in remanding the underlying suit (filed in March 2017). Regardless, because this case does not implicate trade regulation and ETC did not prove the entity Tema sued is publicly-traded, the Business Court lacks subject matter jurisdiction and was required to remand. For either reason, ETC's petition should be denied.

> **A. Because the Act's plain language permits removal of cases filed "on or after" September 1, 2024, but not before, the Business Court did not abuse its discretion in remanding this case (filed March 2017).**

Section 8 of the Act's plain and unambiguous language[6] states that the Act's "changes in law" apply to actions "commenced on or after September 1, 2024." H.B. 19 § 8.[7] The Act's most significant "change[] in law" was the addition of

---

[6] The parties agree that Section 8 is unambiguous. [*See* Petition, p. 20]. Thus, the Business Court properly construed the Act according to the plain meaning of its words, *i.e.*, the changes in the law, which include the removal provisions, apply only to cases filed on or after September 1, 2024. [*See* R85, at p. 7]; *see also Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 838 (Tex. 2018) ("We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context, or the plain meaning leads to absurd results …. When a statute is not ambiguous on its face, it is inappropriate to use extrinsic aids to construe the unambiguous statutory language.") (internal citations omitted).

[7] ETC does not dispute that a lawsuit is "commenced" when the original petition is filed. *See* Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.").

---

Chapter 25A to the Texas Government Code, which includes the provisions permitting parties to remove cases to the Business Court, i.e., section 25A.006. *See* H.B. 19 § 1; [R85, at p. 7]. Thus, the Business Court correctly concluded that it must construe Section 8 as limiting section 25A.006's removal provisions to cases filed "on or after September 1, 2024." Put simply, Section 8 makes the entirety of Chapter 25A—including the Chapter's removal provisions—inapplicable to this suit. And if a removed suit is not "within the business court's jurisdiction," it "*shall* remand the action to the court in which the action was originally filed." Tex. Gov't Code § 25A.006(d) (emphasis added). So, far from abusing its discretion in remanding the underlying suit, the Business Court had no choice but to do so.

Although Section 8 is not a part of Chapter 25A, the Business Court correctly considered it because Section 8 is in the enrolled H.B. 19, which, because it was passed by the legislature and signed by the Governor, is binding session law. *See* 2023 Tex. Sess. Law Serv. 919, 929; *Union Pac. R.R. Co. v. Brown*, No. 04-17-00788-CV, 2018 WL 6624507, at *3 n.2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op.) (holding statute's effective date was binding law despite its absence from the codified version of the statute). "As long as the official session law was enacted properly, the statute is valid." *Al-Yahnai Fountain Hawkins v. State*, No. 11-04-00278-CR, 2005 WL 2156981, at *2 (Tex. App.—Eastland Sept. 8, 2005, no pet.) (per curiam). And "[t]he fact that Vernon's does not transcribe the

enacting language is of no consequence." *Id.* Absent rare and narrow circumstances not present here, the enrolled version of a bill is the binding statute enacted by the legislature. *Ass'n of Texas Pro. Educators v. Kirby*, 788 S.W.2d 827, 829 (Tex. 1990); *see* Tex. Gov't Code § 311.029 ("If the language of the enrolled bill version of a statute conflicts with the language of any subsequent printing or reprinting of the statute, the language of the enrolled bill version controls.").

The Act, as enrolled, is official session law containing all nine sections of the "ACT relating to the creation of a specialty trial court to hear certain cases; authorizing fees." 2023 Tex. Sess. Law Serv. at 919-29. Section 8's September 1, 2024, commencement date is within both the enrolled bill and the Act itself. *Id.* at 929. The binding Act thus specifies that all of its "changes in law"—including Chapter 25A's clauses granting the Business Court jurisdiction—apply to cases that commence on or after September 1, 2024. *Id.*[8]

---

[8] In addition, "it is the general rule of [statutory] construction that when those things are mentioned of which a court has jurisdiction, no other is implied." *Pannell v. Box*, 78 S.W.2d 209, 214 (Tex. App.—Texarkana 1934, writ ref'd). Thus, when a statute confers jurisdiction under some circumstances, no other circumstances may expand that jurisdiction. *See United Serv. Auto. Ass'n v. Brite*, 215 S.W.3d 400, 403 (Tex. 2007); *see also Comm'n for Law. Discipline v. Denisco*, 132 S.W.3d 211, 216 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (applying the principle that "the express mention or enumeration of one thing, consequence, or class is equal to the express exclusion of all others" to conclude a trial court lacked jurisdiction). Here, the Act clearly states that the Business Court has jurisdiction over cases filed "on or after" September 1. As a result, jurisdiction over cases filed before that cannot be implied.

Because the underlying suit commenced before September 1, 2024 (filed March 17, 2017), the Business Court correctly determined that it could not be removed and properly remanded the suit back to the 236th District Court.

**B.      ETC's arguments in favor of jurisdiction lack merit.**

As the Business Court correctly observed, "[t]hat the legislature included Section 8 in H.B. 19 to identify the date when Chapter 25A and its provisions, including removal, would become operative for case processing purposes strongly suggests, if not outright proves, the legislature did not intend for Chapter 25A to apply retroactively." [R85, at p. 9]. Nonetheless, ETC argues Section 8 is nothing more than an "open for business" sign and that the mere absence of one word from Section 8—"only"—proves the Business Court wrong. ETC's arguments are meritless.

### 1.      Section 8 does more than just announce the Business Court's opening.

ETC argues that Section 8 merely means "the business courts will be open and accepting cases on September 1, 2024." [*See* Petition, p. 13]. As the Business Court put it, ETC's argument is that Section 8 is nothing more than "a marquee flashing an open-for-business date of September 1, 2024." [R85, at p. 11]. But that is patently not what Section 8 says. Again, Section 8 plainly and clearly states that the Act's "changes in law"—i.e., Chapter 25A *and its removal provisions*—"apply

to civil actions commenced *on or after* September 1, 2024," but not before.  H.B. 19, § 8 (emphasis added).

ETC's construction renders Section 8 meaningless, as the Business Court properly recognized.  [R85, at p. 12 ("Had the legislature intended for Section 8 to mean simply that the Business Court could begin accepting cases on or after September 1, 2024, the legislature would have written Section 8 to so state.")]; *see also Culberson Midstream*, 2024 WL 4648110, at *2 ("Section 8 does more than set the [business] court's first operational date.  If that were all that Section 8 does, it would read, 'The court may begin accepting cases beginning on September 1, 2024.'").  Obviously, the Business Court could not have started accepting cases before September 1, 2024—it didn't exist. *Cf. In re Dallas Cnty.*, 697 S.W.3d 142, 164 (Tex. 2024) (orig. proceeding) (under Senate Bill 1045, the 15th Court of Appeals' "vacancies" could not have existed before September 1, 2024—the date the bill brought the Business Court into existence).  And the Business Court did not need further authorization to accept cases "commenced on or after September 1, 2024"; it is axiomatic that the day a court is created is the day it can start accepting cases.  As a result, ETC's construction of Section 8 renders its date reference at best superfluous, and possibly a nullity—contrary to the canon that presumes the entirety of a statute is intended to have effect. *See* Tex. Gov't Code § 311.021(2).

**2.** **The absence of the word "only" from Section 8 does not mean that cases filed before September 1, 2024, can be removed.**

ETC tries to bolster its bizarre interpretation of Section 8 by arguing that it does not limit the Business Court's jurisdiction because it does not use the word "only"—i.e., it does not state that the Act's changes in law "apply *only* to civil actions commenced on or after September 1, 2024." But there is no meaningful difference between:

- "The changes in law made by this Act apply to civil actions commenced on or after September 1, 2024," and

- "The changes in law made by this Act apply *only* to civil actions commenced on or after September 1, 2024."

Both sentences are semantically equivalent. And both make clear when Chapter 25A applies. Moreover, as one division of the Business Court observed, ETC's "interpretation also ignores the legal maxim, *expressio unius est exclusio alterius*—translated from Latin as the expression of one thing is the exclusion of another." *XTO Energy*, 2024 WL 5082881, at *3 (citing A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* 107-11 (2012)). "Thus, the Act's express statement that its changes in law apply to 'cases commenced on or after September 1, 2024' necessarily implies a reverse inference: that the change in law—removal, in this instance—does not apply to cases that were on file before that date." *Id.* at *3. The absence of the word "only" does not change anything.

In any event, because the legislature has told us statutes apply prospectively "unless expressly made retroactive," Tex. Gov't Code § 311.022,[9] "there was no need for the legislature to insert 'only' or other limiting clarifying phrases in the applicability clause to expressly indicate that the new law did not apply retroactively to non-existing pending cases. It would have been superfluous for the legislature to have done so." [R85, at p. 11].[10] Of course, the Act does *not* state that it applies retroactively. Instead, Section 8 expressly limits Chapter 25A, including the removal of cases, to cases filed "on or after September 1, 2024." ETC's approach would flip the presumption of non-retroactivity on its head.

Moreover, because the Act is unambiguous and must be construed on its face, ETC's reliance on other statutes that do include the word "only" is misplaced. [*See* Petition, p. 20]. And, several of the statutes ETC cites are not jurisdictional in nature. [R29].[11] Because jurisdiction must be expressly granted, jurisdiction over

---

[9] *See Thomas v. Beaumont Heritage Soc.*, 339 S.W.3d 893, 898-99 (Tex. App.—Beaumont 2011, pet. denied) ("[W]e presume that the 2009 amendment to section 7.057 applies to suits filed on or after the effective date of the amendment …. Had the Legislature intended for the date on which a cause of action accrued to determine whether exhaustion of remedies is required, it could have explicitly said so.").

[10] Other divisions of the Business Court have also rejected the argument that the absence of the word "only" in Section 8 means cases commenced pre-September 1, 2024, can be removed. *See Culberson Midstream*, 2024 WL 4648110, at *2; *Winans*, 2024 WL 4796435, at *2; *Synergy Glob. Outsourcing*, 2024 WL 5083646, at *4; *Lone Star NGL Prod. Servs.*, 2024 WL 5202356, at *4; *XTO Energy*, 2024 WL 5082881, at *2-3 n.5.

[11] *See* Tex. Civ. Prac. & Rem. Code § 38.001 (Act of May 28, 2021, 87th Leg., R.S., ch. 665) (addressing recoverability of attorney's fees); Act of May 17, 2019, 86th Leg., R.S., ch. 378 (2019) (Texas Citizens Participation Act); Tex. Civ. Prac. & Rem. Code § 150.002 (Act of June 2, 2003, 78th Leg., R.S., ch. 204) (pertaining to expert reports and health care liability claims).

cases filed prior to September 1, 2024, may not be presumed. *Brite*, 215 S.W.3d at 402-03 (specialized courts have jurisdiction only over matters expressly given by statute).

The jurisdictional statutes that ETC does cite enacted law where there existed prior law that remains in effect for pending cases. [R75]. In those situations, the legislature needed to clarify which cases would be subject to the former law and which would be subject to the newer law. That is not the case here because there was no "Business Court" law predating the Act.

Finally, ETC argues that Section 25A.006(d) grants removal rights to any party to an action, including an action commenced before September 1:

> A party to an action filed in a district court or county court at law that is within the jurisdiction of the business court may remove the action to the business court.

*See* Tex. Gov't Code § 25A.006(d). But Section 25A.006(d) clearly limits this removal right to actions "within the jurisdiction of the business court." Because this case was filed prior to September 1, 2024, it is not within the Business Court's jurisdiction—and ETC had no right to remove it.

### 3. ETC's reliance on cases addressing whether a statute is unconstitutionally retroactive is misplaced.

ETC argues that the Act is "a procedural statute" and thus "should apply retroactively." [Petition, pp. 21-22]. For this argument, ETC relies on cases addressing whether laws are unconstitutionally retroactive—i.e., laws that violate

article I, section 16 of the Texas Constitution because they take away a Texan's settled expectation without a compelling governmental interest. [*Id.* (citing *Robinson v. Crown Cork & Seal Co.*, 335 S.W.3d 126, 145 (Tex. 2010))]. These courts have held that "applying procedural, remedial, or jurisdictional statutes retroactively does not violate the Constitution's prohibition on retroactive laws" because those types of laws, as opposed to "substantive laws," generally do not impact Texans' settled expectations. *City of Austin v. Whittington*, 384 S.W.3d 766, 790 (Tex. 2012).[12]

ETC gets the law regarding retroactivity exactly backwards. Those cases are concerned with a statute taking away rights that existed before a statute's passage. But ETC tries to apply that law to give it a right it never had before the Act's passage, i.e., removal to Business Court. And ETC does not explain—and it is difficult to understand—how this body of law informs the Court's analysis of whether cases filed before September 1, 2024, can be removed to Business Court. Regardless, simply because a "procedural" or "jurisdictional" statute *can* be applied retroactively without violating the constitution does not mean such a statute *must* be applied

---

[12] *But see Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999) (noting that a procedural statute cannot be applied retroactively if doing so would impair vested rights).

retroactively in all situations, as ETC seems to imply.[13]  *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 n.29 (1994) (explaining that "the mere fact that a new rule is procedural does not mean that it applies to every pending case," and that a "new rule concerning the filing of complaints would not govern an action in which the complaint had already been properly filed under the old regime").

Moreover, ETC's proposal would be particularly inappropriate because the Act's plain language *does not* say that it applies retroactively—instead, it states to the contrary.  *See In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006) ("Statutes are only applied retroactively if the statutory language indicates that the Legislature intended that the statute be retroactive."); *see also Cox v. Robison*, 150 S.W. 1149, 1156 (Tex. 1912) ("We recognize the rule that in general Constitutions and statutes operate prospectively; but the exception is as well established as the rule that they *may* operate retrospectively *when it is apparent that such was the intention*, provided no impairment of vested rights results.") (emphasis added); *see, e.g., Landgraf*, 511 U.S. at 255-56 & n.8 (stating that the language "all proceedings *pending on* or

---

[13] Further, the Act is not merely "procedural statute," as ETC argues.  [Petition, pp. 21-22].  True, the Act does contain procedural provisions, but it also contains provisions that "relate[]to the rules and principles … which provide[] the type of remedy available in case of invasion of" a party's rights.  Tex. Gov't Code § 25A.004(a) (giving the Business Court power to, among other things, "issue writs of injunction [and] mandamus" and "grant any relief that may be granted by a district court"); *see Reames v. Police Officers' Pension Bd. of City of Houston*, 928 S.W.2d 628, 631 (Tex. App.—Houston [14th Dist.] 1996, no writ) ("Substantive law relates to the rules and principles which fix and declare the primary rights of individuals and provides the type of remedy available in case of invasion of those rights.").

commenced after the date of enactment" amounted to "an explicit retroactivity command") (emphasis added).

## II. Regardless, because the Business Court does not have subject matter jurisdiction over the underlying suit, removal was improper.

Even if parties can remove cases filed before September 1, 2024, the Business Court lacks subject matter jurisdiction over this case because neither of the jurisdictional provisions relied upon by ETC apply to the underlying suit: (1) the publicly-traded company provision, Tex. Gov't Code § 25A.004(c), and (2) claims arising under trade regulation laws where the amount in controversy exceeds $5 million, *id.* § 25A.004(b)(3)(A). For this additional reason that the Business Court did not consider, remand was appropriate and the petition should be denied. *See id.* § 25A.006 (removal is only appropriate for cases "within the jurisdiction of the business court"); *see also In re Dillard Dep't Stores, Inc.*, 198 S.W.3d 778, 781 (Tex. 2006) (orig. proceeding) (citing Tex. R. App. P. 47.1) (in a mandamus proceeding, considering an issue the court of appeals did not because "it consistitute[d] an alternative ground to support" the trial court's ruling); Tex. R. App. P. 52.8(a) ("If the court determines from the petition and any response and reply that the relator is not entitled to the relief sought, the court must deny the petition."); *Myers v. Zoning & Planning Comm'n of City of W. Univ. Place*, 521 S.W.2d 322, 326 (Tex. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.)

("A writ of mandamus will not issue if for any reason it would be useless or unavailing.").

> **A.** **ETC did not prove that the entity Tema sued, Regency Field Services, LLC, was either publicly-traded or owned by a publicly-traded entity when Tema filed suit.**

ETC claims the Business Court has jurisdiction because ETC is owned by a publicly-traded company. But in support of that argument, ETC only offers argument or authority for publicly-traded entities *from 2018 forward*. [*See* Petition, p. 23]. ETC has not alleged or offered any evidence that "ETC Field Services, LLC f/k/a Regency Field Services, LLC"—the actual entity that Tema sued in 2017—was publicly traded or was owned by a publicly-traded entity. Because ETC had the burden to affirmatively establish the Business Court's jurisdiction, *In re Grant*, No. 14-23-00408-CV, 2024 WL 2931128, at *7 (Tex. App.—Houston [14th Dist.] June 11, 2024, orig. proceeding) (mem. op.) (per curiam), and because jurisdiction is "determined at the time suit is filed," *Pidgeon v. Turner*, 625 S.W.3d 583, 599 (Tex. App.—Houston [14th Dist.] 2021, no pet.), ETC has not met its burden of showing that section 25A.004(c) applies to the underlying suit.

> **B.** **The underlying suit does not arise under trade regulation laws.**

ETC also claims that Tema asserts an action under "state or federal securities or trade regulation laws." [*See* Petition, pp. 24-26]. But the plain language of

Tema's live pleadings belies this argument because Tema's common law contract and negligence claims do not assert any claim under any "trade regulation law."[14]

"Trade regulation laws" refer to those statutes governing "antitrust and unfair acts, practices or competition laws." *See State of Tex. ex rel. Atty. Gen. Morales v. Zeneca, Inc.*, No. 3-97 CV 1526-D, 1997 WL 570975, at *3 (N.D. Tex. June 27, 1997) (State of Texas entering a consent decree that defined "trade regulation laws"). Tema's claims do not fit the bill.

Tema's causes of action do not implicate, much assert claims arising under, any antitrust, unfair practices, or competition law. Instead, Tema alleged that ETC (1) breached the contract by failing to provide the facilities to accept all of Tema's gas, and, in the alternative, (2) negligently operated the facilities. [R1]. Although Tema contends that ETC's contractual duties must be interpreted and applied as required by the Texas Uniform Commercial Code, it does not change the fact that Tema's claims lie in contract and tort. In other words, Tema's recitation of Texas Business and Commerce Code Sections 1.304 and 2.306 does not transform its claims into claims flowing from the breach of a "trade regulation law." *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 547 (Tex. 2016) (in a jurisdictional

---

[14] Tema has tried this tactic—mischaracterizing Tema's pleadings—before. In seeking to dismiss Tema's case, ETC claimed Tema's breach of contract and negligence claims were really "discrimination" claims within the Railroad Commission's exclusive jurisdiction. The Amarillo Court of Appeals summarily rejected that argument. *See Tema Oil & Gas*, 2021 WL 2944598, at *3-4.

analysis, "[t]he nature of the claims, rather than the nomenclature" controls).

Thus, the Business Court lacks jurisdiction under Section 25A.004(b)(3)(A).

Nonetheless, ETC maintains that (1) all claims involving goods or services are "trade regulation" claims; and (2) all contract claims are trade regulation claims. [*See* Petition, pp. 25-26; R29, at pp. 3-4]. But yet again, ETC's argument renders portions of the Act meaningless. Under ETC's argument, *every* dispute involving goods and services, *every* employment contract claim and, in essence, *every* breach of contract claim would be within the Business Court's limited jurisdiction—thus vitiating the Act's intended purpose of streamlining the disposition of *complex* business disputes. *See* Off. Ct. Admin. Tex. Jud. Sys. Memo to Texas District and County Clerks, Aug. 13, 2024, at p. 1 ("The Texas Business Court is a statewide, specialized trial court created to resolve certain complex business disputes.")[15]; [R51]; Tex. H.B. 19, 88th Leg., R.S. 1:2-3 (2023).

In addition, the Act provides several bases for jurisdiction, many of which would be superfluous if any contract claim was considered a "trade regulation" claim. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981)

---

[15] *Available at* https://www.txcourts.gov/media/1459014/creation-of-tx-business-court-memo-to-dist-cty-clerks.pdf .

("The legislature is never presumed to have done a useless act."); *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008).[16]

## III. ETC has an adequate remedy by appeal.

### A. ETC is not entitled to mandamus relief because it failed to argue, much less prove, that it did not have an adequate remedy by appeal.

To merit mandamus relief, ETC must prove that it has no adequate remedy by appeal. *See In re Flores*, No. 05-19-01058-CV, 2020 WL 2847531, at *1 (Tex. App.—Dallas June 2, 2020, orig. proceeding). ETC failed to do so.

It is axiomatic that, absent proof of an inadequate remedy by appeal, ETC is not entitled to mandamus relief. *See, e.g.*, *In re Murillo*, No. 08-24-00323-CV, 2024 WL 4512347, at *3 (Tex. App.—El Paso Oct. 17, 2024, orig. proceeding) (denying mandamus because relator "has not shown any compelling reason why this avenue of appeal from a final judgment is not an adequate remedy"); *In re Gagnon*, No. 12-24-00280-CV, 2024 WL 4481377, at *3 (Tex. App.—Tyler Oct. 11, 2024, orig. proceeding.) (denying mandamus because relator "does not explain how this

---

[16] Moreover, ETC argues only that Tema's breach of contract claim falls within the Business Court's jurisdiction over "trade regulation" actions; ETC says nothing of Tema's negligence claim. [Petition, p. 26 (the Business Court has jurisdiction because "Tema asserts contract claims involving the UCC")]. And although the Business Court "has supplemental jurisdiction over any other claim related to a case or controversy within the court's jurisdiction that forms part of the same case or controversy," it can exercise that jurisdiction "only on the agreement of all parties to the claim and a judge of the division of the court before which the action is pending." Tex. Gov't Code § 25A.004(f). But if "the parties involved in a claim within the business court's supplemental jurisdiction do not agree on the claim proceeding in the business court, the claim may proceed in a court of original jurisdiction concurrently with any related claims proceeding in the business court." *Id.* Tema does not agree that its negligence claim can proceed in Business Court.

---

remedy is inadequate, nor does he contend that availing himself of the appellate remedy would result in a permanent deprivation of his substantial rights or assert that any extraordinary circumstances exist which should excuse this case from the adequate remedy requirement"); *In re Kansas City S. Indus., Inc.*, 139 S.W.3d 669, 670 (Tex. 2004) (orig. proceeding) ("Because KCSI has not shown that its appellate remedy will cause the permanent loss of substantial rights, we deny the writ."); *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59-60 (Tex. 1991) (orig. proceeding) (holding that the court of appeals erred in granting mandamus relief when there was an adequate remedy by appeal).

ETC's entire argument on inadequate appeal, which is a mere two paragraphs, is that it has no choice but to seek mandamus relief if this Court dismisses ETC's pending interlocutory appeal (also before this Court). [*See* Petition, pp. 26-27]. But ETC cites no authority that defines an adequate remedy by appeal in terms of whether an interlocutory appeal is dismissed. In other words, just because ETC cannot get *immediate* review of the jurisdictional issue does not mean it lacks an adequate appellate remedy. *See In re Kansas City S. Indus.*, 139 S.W.3d at 670 (noting that "delay incident to pursuing an appeal does not make the remedy inadequate"). If the law were as ETC says, *every* trial court ruling not subject to an interlocutory appeal would be reviewable by mandamus—and the limited exceptions

permitting appellate courts to review trial court rulings before final judgment would swallow the rule.

An appeal is inadequate as a remedy "when it comes too late to correct the court's error without the loss of substantial rights to the complaining party." *In re Kansas City S. Indus.*, 139 S.W.3d at 670; *see In re Hainesworth*, No. 01-20-00569-CV, 2020 WL 5415237, at *1 (Tex. App.—Houston [1st Dist.] Sept. 10, 2020, orig. proceeding) (denying petition for writ of mandamus because the "relator has failed to demonstrate that her 'appellate remedy will cause the permanent loss of substantial rights'").

And here, ETC failed to argue, much less prove, that it is at risk of losing "substantial rights" if it waits for an appeal.[17]   Because ETC's failure to address whether it has an adequate remedy by appeal is fatal to its petition, the Court should deny it.

> **B.    ETC has an adequate remedy by appeal because the Business Court and the District Court have concurrent jurisdiction such that there is no conflict of jurisdiction.**

ETC tries to avoid the inadequate remedy requirement by arguing that mandamus is available merely because this case involves a forum-related dispute.

---

[17] The relator in the *In re Flores* case similarly failed to argue inadequate appeal, and instead merely asserted that the complained-of order was akin to a death penalty sanction. *See In re Flores*, 2020 WL 2847531, at *3.  The Dallas Court of Appeals disagreed, noting that the mere claim of death-penalty sanction was not sufficient to meet the burden of proving inadequate remedy. *Id.* at *2.  That court concluded that the relator did have an adequate remedy by appeal because it failed to prove otherwise, and denied the petition for mandamus relief. *Id.* at *3.

[*See* Petition, pp. 12, 27]. ETC erroneously relies on two forum dispute cases where mandamus relief was granted but these cases are readily distinguishable from the case at bar.

The *In re AIU Ins. Co.* case involved a contractual forum-selection clause. 148 S.W.3d 109, 115 (Tex. 2004) (orig. proceeding). The *In re Prudential Ins. Co. of Am.* case involved a contractual jury-waiver. 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). In both cases, the relators faced the loss of a substantial right—the right to the contracted-forum—and that right could not be remedied on appeal.

Because there is no contractual right of removal to the Business Court at issue in the underlying suit, these cases are inapposite. Further, neither the *AIU* nor *Prudential* case involved jurisdictional issues as are present here. Finally, the Supreme Court of Texas did not pronounce a bright-line rule that any issue involving a forum is eligible for mandamus relief even if there is an adequate remedy by appeal. ETC's reliance on these cases to avoid having to prove an inadequate remedy at law is misplaced.

In this case, if the Business Court has subject matter jurisdiction, it is concurrent with that of the 236th District Court. *See* Tex. Gov't Code § 25A.004. Thus, this case does not present an issue that may be subject to mandamus review, such as cases involving exclusive or dominant jurisdiction, or mandatory venue.

There is no conflict of jurisdiction in this case, as ETC concedes. [*See* Petition, p. 23].

In the absence of a conflict of jurisdiction, ETC has an adequate remedy at appeal. *See Reynolds, Shannon, Miller, Blinn, White & Cook v. Flanary*, 872 S.W.2d 248, 251 (Tex. App.—Dallas 1993, orig. proceeding) ("We conclude that Reynolds, Shannon has an adequate remedy by appeal after a final judgment for its complaint that the Grayson County district court erroneously asserts jurisdiction over the suit filed by Flanary.").

Mandamus relief was also denied in a similar case involving concurrent jurisdiction between a district court and a county court at law because the relator had an adequate remedy by appeal. In *In re City of Coppell*, the City sought mandamus relief to vacate the district court's order transferring the case to a county court at law. *In re City of Coppell*, 219 S.W.3d 552, 555 (Tex. App.—Dallas 2007, orig. proceeding). While the Dallas Court of Appeals found that the transfer order was an abuse of discretion, it nonetheless declined to grant mandamus relief, concluding that:

> [T]he trial court's order transferring the Rezoning Case to County Court at Law No. 3 is an incidental ruling by the trial court subject to correction on appeal. Because relators have an adequate remedy at law, they are not entitled to mandamus relief.

*Id*. at 562. Just as in *City of Coppell*, ETC has an adequate remedy on appeal and is not entitled to mandamus relief.[18]

## **PRAYER**

For the foregoing reasons, Real Party in Interest Tema Oil and Gas Company respectfully requests that the Court deny Relator's Petition for Writ of Mandamus, uphold the Business Court's November 6, 2024, Order remanding this case to the district court, and grant Tema all other relief to which it is entitled. In the alternative, if the Court determines the Business Court has jurisdiction over cases filed before September 1, 2024, and the Court declines to consider Tema's other grounds showing the Business Court lacks subject matter jurisdiction, Tema respectfully requests the Court remand the case to the Business Court for consideration of those grounds.

---

[18] Mandamus relief is regularly denied in similar cases when relator has an adequate remedy on appeal. *See, e.g.*, *In re J.B. Hunt Transp., Inc.*, 492 S.W.3d 287, 299-300 (Tex. 2016) (orig. proceeding) (for a plea in abatement, mandamus is available only in cases of dominant jurisdiction); *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 477 (Tex. 1997) (orig. proceeding) (denying mandamus relief for a motion for continuance); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding) (denying mandamus relief for a plea to the jurisdiction); *In re Mo. Pac. R.R. Co.*, 998 S.W.2d 212, 215 (Tex. 1999) (orig. proceeding) (denying mandamus relief for venue rulings, if not involving mandatory venues).

Respectfully submitted,

Kathleen Cynthia Pickett
State Bar No. 15980500
cpickett@pickettlawgroup.com
N. Kimberly Hoesl
State Bar No. 24040540
khoesl@pickettlawgroup.com
Anita E. Kadala
State Bar No. 00786007
akadala@pickettlawgroup.com

**PICKETT LAW GROUP, PLLC**
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
(713) 221-3760


By:    */s/ David Keltner*
David E. Keltner
State Bar No. 11249500
david.keltner@kellyhart.com
Joe Greenhill
State Bar No. 24084523
joe.greenhill@kellyhart.com

**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

*Attorneys for Real Party in Interest*
*Tema Oil and Gas Company*

## CERTIFICATION

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I certify that I have reviewed the Real Party in Interest's Response to Relator's Petition for Writ of Mandamus and concluded that every factual statement in the Response is supported by competent evidence included in the Mandamus Record for the Petition for Writ of Mandamus.

*/s/ N. Kimberly Hoesl*
N. Kimberly Hoesl

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Real Party in Interest's Response to Relator's Petition for Writ of Mandamus complies with the type-volume limitations of Texas Rule of Appellate Procedure 9.4(i)(2)(D)-(E) because it contains 6,942 words, excluding the parts of the response exempted by Texas Rule of Appellate Procedure 9.4(i)(1). I certify that this Petition complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because this Petition has been prepared in a proportionally spaced typeface using "Microsoft Word 2016" in fourteen (14) point "Times New Roman" style font.

*/s/ David Keltner*
David E. Keltner

## CERTIFICATE OF SERVICE

I do hereby certify compliance with Tex. R. App. P. 9.2 and 9.5(b). A true and correct copy of the foregoing instrument has been served on the following counsel of record, by electronic filing and/or transmission pursuant to Rule 9.5(b)(1), on January 15, 2025:

Michael P. Lynn (mlynn@lynnllp.com)
David S. Coale (dcoale@lynnllp.com)
Christopher Patton (cpatton@lynnllp.com)
Jared Eisenberg (jeisenberg@lynnllp.com)
**Lynn Pinker Hurst & Schwegmann, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
*Attorneys for Relator*

*/s/ David Keltner*
David E. Keltner

**IN THE COURT OF APPEALS
FOR THE FIFTEENTH DISTRICT OF TEXAS**

**In re ETC FIELD SERVICES, LLC,**

**Relator.**

**Original Proceeding from Cause No. 24-BC08B-001,
Eighth Business District Court Division, Tarrant County, Texas,
the Honorable Jerry Bullard, presiding**

**INDEX TO APPENDIX TO RESPONSE
TO PETITION FOR WRIT OF MANDAMUS**

A.    Original Petition.

B.    Joint Motion for Preferential Setting for Trial with proposed order.

C.    Letter to Judge Lowe regarding preferential trial setting with proposed order.

# Appendix A

CAUSE NO. ___236-291050-17___

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ETC FIELD SERVICES, LLC, f/k/a | § | |
| REGENCY FIELD SERVICES, LLC | § | |
| | § | |
| Defendant. | § | _____JUDICIAL DISTRICT |

## ORIGINAL PETITION

**TO THE HONORABLE JUDGE:**

Plaintiff, Tema Oil and Gas Company ("Tema" or "Plaintiff" or "Seller") files its Original Petition against Defendant ETC Field Services, LLC, f/k/a Regency Field Services, LLC ("Defendant" or "ETC" or "Buyer"), and respectfully shows as follows:

### I. Discovery

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure 190.

### II. Parties

2. Plaintiff Tema is a Maryland corporation which is registered to do business in the State of Texas.

3. Defendant ETC is a Delaware limited liability company with its principal place of business located at 8111 Westchester, Suite 600, Dallas, Dallas County, Texas, 75225. ETC can be served through its registered agent, Corporation Service Co., d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service is hereby requested on ETC.

## III. Venue and Jurisdiction

4. This Court has jurisdiction over this matter because the amount in controversy and the damages sought are within the jurisdictional limits of the Court. Without limitation, Plaintiff seeks monetary damages over $1,000,000.

5. Venue is proper in Tarrant County, Texas, pursuant to the agreed terms of the contract at issue. *See, e.g.*, TEX. CIV. PRAC. & REM. §§15.020 and 15.035.

## IV. Background

6. Effective January 1, 2013, Southern Union Pipeline, Ltd. as Buyer ("Southern") and Gateway Gathering & Marketing Company, Inc. as Seller ("Gateway") entered into a Gas Purchase Contract for a term of ten years covering working interest in "Gas" produced from certain oil and gas leases in Loving County, Texas, File No. 01P277 ("Contract").

7. The Contract was amended on or about January 23, 2013, to provide for carbon dioxide treatment as therein provided.

8. The Contract was again amended effective August 1, 2013, to change Contract Section 2.01 pertaining to pricing and to change the "Acid Gas" (as defined in the Contract) treatment fee as therein provided.

9. Through assignment from Gateway, Tema became the Seller under the Contract and remained so during all periods relevant to the claims in this litigation.

10. On or about May 8, 2013, Southern changed its name to RGP Western G&P II Ltd. ("RFP"). On or about May 23, 2013, RGP and two other entities were merged into Regency Field Services, LLC ("Regency"). Effective November 1, 2015, Regency changed its name to ETC Field Services, LLC (above and hereinafter "ETC" or "Buyer"). ETC as Buyer under the Contract is responsible for all damages during the relevant time periods.

2

11.     Pursuant to the terms of the Contract, Buyer agreed, among other things (1) to provide, at its expense, facilities to receive "Seller's Gas," and (2) to purchase "Seller's Gas" which was defined as "one hundred percent (100%) of the working interest ownership of Gas at Seller's Delivery Point(s)." "Seller's Delivery Point(s)" was further defined as "the inlet of Southern's [Buyer's] equipment used to receive Seller's Gas" into Southern's [Buyer's] facilities. "Gas" includes the liquids recovered from the gas through processing at Buyer's facilities.

12.     The Contract is governed by the Texas Uniform Commercial Code because it is a contract for the sale of goods and, as such, an obligation of good faith in its performance and enforcement is imposed as a matter of law. Under the Contract Seller is required, at its expense, to provide facilities to receive Seller's Gas at Seller's Delivery Point(s). The Contract requires Seller to sell its Gas exclusively to Buyer and Gas quantity is measured by the output of the Seller. Accordingly, this is an output contract under the Texas Business and Commerce Code. *See* TEX. BUS. & COM. CODE §1.304 and §2.306(a).

13.     Because the Seller is obligated to sell all of its Gas to the Buyer, except for the Gas Seller uses for fuel or development or operation of Seller's leases, the Contract is an exclusive dealing contract which, in this case, imposes a "best efforts" performance obligation upon the Buyer. *See* TEX. BUS. & COM. CODE §2.306(b).

14.     During certain periods from December 2013 through July 2015, and during February of 2017, Tema was unable to deliver its Gas to ETC because of ETC's breaches of the Contract, including by ETC's failure to act in good faith or to use best efforts to receive, process and buy Seller's Gas under the terms and conditions of the Contract. Over these time periods, ETC failed to provide and maintain facilities to receive, process and buy Tema's Gas

3

in accordance with the Contract, instead forcing Tema to flare its gas, resulting in losses of the price due under the Contract for the flared gas of approximately $3,000,000.

## V. Causes of Action

16. Tema incorporates all allegations above as if fully set forth herein. All allegations below are made together and in the alternative.

16. <u>Breach of Contract</u>. ETC breached the Contract by failing to provide facilities to accept deliveries of Seller's Gas under the terms and conditions of the Contract. ETC failed to provide and maintain capacity in its facilities to receive deliveries of Seller's Gas and/or failed to maintain its facilities in condition to accept delivery of Seller's Gas. If Buyer's facilities did not have capacity or were not maintained in condition to accept Seller's Gas deliveries, then Seller's Gas could not be delivered under Seller's exclusive sales Contract with ETC. ETC was required to act in good faith and to use its best efforts to perform its obligations under the Contract, including to receive, process and buy Tema's Gas. ETC failed without excuse to do so, thus breaching the Contract, and its duties under TEX. BUS. & COM. CODES §§1.304 and 2.306(b). Therefore, Tema is entitled to recover from ETC the unpaid Contract price due on the Gas that was flared and lost because of ETC's unexcused breaches of the Contract. Tema is also entitled to recover its court costs and its reasonable and necessary attorneys' fees.

17. <u>Negligence</u>. ETC had duties to maintain sufficient capacity in its facilities to accept deliveries of Seller's Gas and to maintain its facilities in sufficient condition to perform under the Contract, and to act in good faith or exercise best efforts to perform and do so. ETC's continued and repeated failure to do so constitutes negligence, resulting in all actual damages

4

to Tema proximately caused by such negligence. Tema is entitled to recover from ETC, Tema's actual damages, interest, and court costs.

## VI. Attorneys' Fees

18.    Tema has retained the law firm of Hoover Slovacek LLP, to represent it in this action and has agreed to pay the firm reasonable and necessary attorneys' fees. Tema is entitled to an award of its reasonable and necessary attorneys' fees pursuant to Section 38.001 of the Civil Practice and Remedies Code.

## VII. Conditions Precedent

19.    All conditions precedent to Tema's recovery in this matter have been performed or have occurred, other than those excused by Defendant's conduct.

## VIII. Discovery Requests

20.    Requests for Disclosure. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose the information or material described in Rule 194.2 no later than 50 days after service of this request or at such earlier time as the Court may order or the parties may agree.

21.    Requests for Admissions, Interrogatories, and Requests for Production. Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, Tema hereby serves its first set of requests for admission, interrogatories, and requests for production on Defendant, attached as Exhibit "A" hereto, incorporated by reference.

WHEREFORE, Plaintiff Tema Oil and Gas Company prays that Defendant ETC Field Services, LLC, f/k/a Regency Field Services, LLC, be cited to appear and that upon final hearing this Court enter judgment awarding Plaintiff all relief consistent with this pleading

5

against Defendant, and such other and further relief in law or in equity, general or special, to which Plaintiff may be entitled.

Respectfully submitted,

**HOOVER SLOVACEK L.L.P.**

By: _____

Kathleen Cynthia Pickett
State Bar No. 15980500
cpickett@hooverslovacek.com
N. Kimberly Hoesl
State Bar No. 24040540
hoesl@hooverslovacek.com

Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
(713) 977-8686 Telephone
(713) 977-5395 Facsimile

*Attorneys for Plaintiff Tema Oil and Gas Company*

6

# Appendix B

236-291050-17

FILED
TARRANT COUNTY
6/26/2024 12:36 PM
THOMAS A. WILDER
DISTRICT CLERK

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 236TH JUDICIAL DISTRICT |
| | § | |
| ETC FIELD SERVICES, LLC FKA. | § | |
| REGENCY FIELD SERVICES, LLC | § | |
| | § | |
| *Defendant* | § | TARRANT COUNTY, TEXAS |

## JOINT MOTION FOR PREFERENTIAL SETTING FOR TRIAL

Plaintiff Tema Oil and Gas Company and Defendant ETC Field Services, LLC jointly move the Court to set this case for a preferential trial setting, and respectfully show the Court as follows:

1. Tema commenced this case in March 2017. This case does not currently have a trial setting.

2. At this Court's April 2024 hearing, the Court recommended that the parties agree on a trial date.

3. The parties have done so, and now respectfully request that the Court set this case for a one-week preferential trial setting between March 24, 2025 and April 22, 2025.

### PRAYER

Plaintiff and Defendant jointly request that the Court set this case for a one-week jury trial on a special or preferential basis on the Court's calendar beginning and ending between March 24 and April 22 of 2025.

---

Dated: June 26, 2024

Respectfully submitted,



_____
Christopher W. Patton
Texas Bar No. 24083634
cpatton@lynnllp.com
Rebecca Adams
Texas Bar No. 24098255
radams@lynnllp.com
Jared D. Eisenberg
Texas Bar No. 24092382
jeisenberg@lynnllp.com
Carter Plotkin
Texas Bar No. 24122989
cplotkin@lynnllp.com
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201-7919
Telephone:    (214) 981-3800
Facsimile:    (214) 981-3839

**ATTORNEYS FOR DEFENDANT ETC FIELD SERVICES, LLC FKA. REGENCY FIELD SERVICES, LLC**

_____
Kathleen Cynthia Pickett
Texas Bar No. 15980500
cpickett@pickettlawgroup.com
Anita E. Kadala
Texas Bar No. 00786007
akadala@pickettlawgroup.com
N. Kimberly Hoesl
Texas Bar No. 24040540
khoesl@pickettlawgroup.com
PICKETT LAW GROUP, PLLC
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
Telephone:    (713) 221-3760
Facsimile:    (713) 221-3762

David Keltner
Texas Bar No. 11249500
david.keltner@kellyhart.com

Bill Warren
Texas Bar No. 00786331
bill.warren@kellyhart.com
Joe Greenhill
Texas Bar No. 24084523
joe.greenhill@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone:    (817) 332-2500

**ATTORNEYS FOR PLAINTIFF TEMA
OIL AND GAS COMPANY**

## CERTIFICATE OF SERVICE

Under Texas Rules of Civil Procedure 21 and 21a, the undersigned hereby certifies that a true and correct copy of the foregoing document and all attachments was served upon counsel of record via eFile.txcourts.gov on June 26, 2024.

_Carter S. Plotkin_
Carter S. Plotkin

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carter Plotkin on behalf of Carter Plotkin
Bar No. 24122989
cplotkin@lynnllp.com
Envelope ID: 89213658
Filing Code Description: Motion (No Fee)
Filing Description: Joint Motion for Preferential Setting for Trial
Status as of 6/26/2024 12:41 PM CST

Associated Case Party: THETEMA OIL AND GAS COMPANY

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Kathleen CynthiaPickett | | cpickett@pickettlawgroup.com | 6/26/2024 12:36:11 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Jared Eisenberg | | jeisenberg@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| William Warren | 786331 | bill.warren@kellyhart.com | 6/26/2024 12:36:11 PM | SENT |
| David Keltner | 11249500 | david.keltner@kellyhart.com | 6/26/2024 12:36:11 PM | SENT |
| Joseph Greenhill | 24084523 | joe.greenhill@kellyhart.com | 6/26/2024 12:36:11 PM | SENT |
| Michael Lynn | | mlynn@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| Christopher Patton | | cpatton@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| Stacy Blanchette | | stacy.blanchette@kellyhart.com | 6/26/2024 12:36:11 PM | SENT |
| N. KimberlyHoesl | | khoesl@pickettlawgroup.com | 6/26/2024 12:36:11 PM | SENT |
| N Kimberly Hoesl | | hoesl@hooverslovacek.com | 6/26/2024 12:36:11 PM | ERROR |
| Jervonne Newsome | | jnewsome@lynnllp.com | 6/26/2024 12:36:11 PM | ERROR |
| Samuel ButlerHardy, IV | | shardy@lynnllp.com | 6/26/2024 12:36:11 PM | ERROR |
| Tana Mladan | | tmladan@lynnllp.com | 6/26/2024 12:36:11 PM | ERROR |
| Scotty MacLean | | smaclean@macleanfirm.com | 6/26/2024 12:36:11 PM | SENT |
| Jamie Bryan | | jamie.bryan@klgates.com | 6/26/2024 12:36:11 PM | SENT |
| Rebecca Adams | | radams@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| Kenneth C.Moursund, Jr. | | ken.moursund@anadarko.com | 6/26/2024 12:36:11 PM | ERROR |
| Ana E.Kadala | | akadala@pickettlawgroup.com | 6/26/2024 12:36:11 PM | SENT |

Associated Case Party: THEETC FIELD SERVICES LLC

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Carter Plotkin on behalf of Carter Plotkin
Bar No. 24122989
cplotkin@lynnllp.com
Envelope ID: 89213658
Filing Code Description: Motion (No Fee)
Filing Description: Joint Motion for Preferential Setting for Trial
Status as of 6/26/2024 12:41 PM CST

Associated Case Party: THEETC FIELD SERVICES LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Carter Plotkin | | cplotkin@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| Kristine Wheeler | | kwheeler@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 6/26/2024 12:36:11 PM | SENT |

Associated Case Party: THEROSEHILL OPERATING COMPANY LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| William Merrill | | bmerrill@susmangodfrey.com | 6/26/2024 12:36:11 PM | SENT |
| Anna Haddad | | ahaddad@susmangodfrey.com | 6/26/2024 12:36:11 PM | SENT |

Associated Case Party: THEEOG RESOURCES INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christine Sparrow | | christine.sparrow@klgates.com | 6/26/2024 12:36:11 PM | ERROR |
| Jamie L.Bryan | | jamie.bryan@klgates.com | 6/26/2024 12:36:11 PM | SENT |

CAUSE NO. 236-291050-17

| | | |
|---|---|---|
| TEMA OIL AND GAS COMPANY, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | TARRANT COUNTY, TEXAS |
| | § | |
| ETC FIELD SERVICES, LLC, f/k/a | § | |
| REGENCY FIELD SERVICES, LLC, | § | |
| Defendant. | § | 236th JUDICIAL DISTRICT |

## ORDER ON PREFERENTIAL TRIAL SETTING

On this day the Court considered the Joint Motion for Preferential Trial Setting ("Motion") filed by Plaintiff Tema Oil and Gas Company and Defendant ETC Field Services, LLC. After considering the pleadings, evidence and arguments of counsel, the Court GRANTS the Motion. It is therefore

ORDERED that this case be and is preferentially set for trial the week of _____, 2025.

SIGNED this _____ day of _____, 2024.

_____
JUDGE PRESIDING

**AGREED AND ENTRY REQUESTED:**

By: _____

Kathleen Cynthia Pickett (cpickett@pickettlawgroup.com)
State Bar No. 15980500
Anita E. Kadala (akadala@pickettlawgroup.com)
State Bar No. 00786007
N. Kimberly Hoesl (khoesl@pickettlawgroup.com)
State Bar No. 24040540
PICKETT LAW GROUP, PLLC
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
(713) 221-3760 Telephone
(713) 221-3762 Facsimile

David E. Keltner (david.keltner@kellyhart.com)
State Bar No. 11249500
Joe Greenhill (joe.greenhill@kellyhart.com)
State Bar No. 24084523
William N. Warren (bill.warren@kellyhart.com)
State Bar No. 00786331
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
817.332.2500—Telephone
817.878.9280—Facsimile
*Counsel For Plaintiff Tema Oil and Gas Company*

By: _____

Christopher Patton (cpatton@lynnllp.com)
State Bar No. 24083634
Rebecca L. Adams (radams@lynnllp.com)
State Bar No. 24098255
Jared Eisenberg (jeisenberg@lynnllp.com)
State Bar No. 24092382
Carter Plotkin (cplotkin@lynnllp.com)
State Bar No. 24122989
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
*Counsel For Defendant ETC Field Services, LLC f/k/a Regency Field Services, LLC*

# Appendix C



BILL WARREN
*bill.warren@kellyhart.com*

TELEPHONE: (817) 878-3564
FACSIMILE: (817) 878-9280

August 22, 2024

Ms. Rhonda Young
Court Coordinator, 236th Judicial District Court
Tom Vandergriff Civil Courts Bldg.
100 N. Calhoun Street
Fort Worth, Texas 76196

     Re:     Tema Oil and Gas Co. v. ETC Field Services, LLC; Cause No. 236-291050-17

Dear Ms. Young:

     On June 26, 2024, the parties filed a *Joint Motion for Preferential Trial Setting* in the above-referenced matter, which we followed with a proposed agreed order. During a recent hearing, the Court requested that the parties amend the language of their proposed order and re-submit it. Accordingly, I am filing the new, agreed order with this letter, and request that it be submitted to Judge Lowe for signature.

                    Respectfully submitted,

                    */s/ Bill Warren*

                    Bill Warren


cc:     All Counsel of Record
        *Via Electronic Filing Service*

| | | |
|---|---|---|
| **TEMA OIL AND GAS COMPANY,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | **TARRANT COUNTY, TEXAS** |
| **ETC FIELD SERVICES, LLC, f/k/a** | § | |
| **REGENCY FIELD SERVICES, LLC,** | § | |
| | § | |
| **Defendant.** | § | **236th JUDICIAL DISTRICT** |

## ORDER FOR PREFERENTIAL TRIAL SETTING

On this day the Court considered the parties' Joint Motion for Preferential Trial Setting ("Motion"). After considering the pleadings and evidence, the Court GRANTS the Motion. It is therefore

ORDERED that this case be and is preferentially set for trial the week of May 5, 2025.

SIGNED this _____ day of _____, 2024.

_____
The Honorable Tom Lowe
Judge, 236th District Court
Tarrant County, Texas

**AGREED:**

By: */s/ Bill Warren*
Kathleen Cynthia Pickett (cpickett@pickettlawgroup.com)
State Bar No. 15980500
N. Kimberly Hoesl (khoesl@pickettlawgroup.com)
State Bar No. 24040540
PICKETT LAW GROUP, PLLC
Lakes on Post Oak
3050 Post Oak Blvd., Suite 620
Houston, Texas 77056
(713) 221-3760 Telephone
(713) 221-3762 Facsimile

David E. Keltner (david.keltner@kellyhart.com)
State Bar No. 11249500
Joe Greenhill (joe.greenhill@kellyhart.com)
State Bar No. 24084523
Bill Warren (bill.warren@kellyhart.com)
State Bar No. 00786331
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
817.332.2500—Telephone
817.878.9280—Facsimile
**Counsel For Plaintiff Tema Oil and Gas Company**

By: */s/ Jared Eisenberg  w/permission BW*
Christopher Patton (cpatton@lynnllp.com)
State Bar No. 24083634
Rebecca L. Adams (radams@lynnllp.com)
State Bar No. 24098255
Jared Eisenberg (jeisenberg@lynnllp.com)
State Bar No. 24092382
Carter Plotkin (cplotkin@lynnllp.com)
State Bar No. 24122989
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile
**Counsel For Defendant ETC Field Services, LLC f/k/a Regency Field Services, LLC**

---

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

David Keltner
Bar No. 11249500
david.keltner@kellyhart.com
Envelope ID: 96255280
Filing Code Description: Original Proceeding Response
Filing Description: Response to Petition for Writ of Mandamus
Status as of 1/15/2025 1:48 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Coale | | dcoale@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Michael P.Lynn | | mlynn@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Christopher W.Patton | | cpatton@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Kay Ridenour | | kridenour@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Jared Eisenberg | | jeisenberg@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Nancy Hoesl | 24040540 | khoesl@pickettlawgroup.com | 1/15/2025 1:25:35 PM | SENT |
| Kathleen Pickett | 15980500 | cpickett@pickettlawgroup.com | 1/15/2025 1:25:35 PM | SENT |
| Ana Kadala | 786007 | akadala@pickettlawgroup.com | 1/15/2025 1:25:35 PM | SENT |
| David Keltner | 11249500 | david.keltner@kellyhart.com | 1/15/2025 1:25:35 PM | SENT |
| Maria Gonzalez | | mgonzalez@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Joe Greenhill | | joe.greenhill@kellyhart.com | 1/15/2025 1:25:35 PM | SENT |
| Helene A.Chacon | | hchacon@pickettlawgroup.com | 1/15/2025 1:25:35 PM | SENT |
| NATALIE STALLBOHM | | nstallbohm@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Lisa Mewbourn | | lmewbourn@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Ronni AdeleBracken | | rbracken@lynnllp.com | 1/15/2025 1:25:35 PM | SENT |
| Hon. Jerry Bullard | | BCDivision8a@txcourts.gov | 1/15/2025 1:25:35 PM | SENT |
| Kimberly Hoesl | | khoesl@pickettlawgroup.com | 1/15/2025 1:25:35 PM | SENT |